# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON
*Electronically Filed*

| | |
|---|---|
| JODI BRANDENBURG, Administratrix ) <br> of the ESTATE of PAULA FOX, Deceased ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORD MOTOR COMPANY, ) <br> ) <br> Defendant. ) | Case No. _____ <br><br> (Removed from the Circuit Court <br> for Garrard County, Kentucky, <br> Case No. 22-CI-00088) |

## DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel, hereby removes this case pursuant to 28 U.S.C. §§ 1441 and 1446 from the Circuit Court for Garrard County, Kentucky, in which it is now pending, to the United States District Court for the Eastern District of Kentucky. In support thereof, Ford avers as follows:

1. Plaintiff Jodi Brandenburg, Administratrix of the Estate of Paula Fox, filed an action styled *Jodi Brandenburg, Administratrix of the Estate of Paula Fox, Deceased v. Ford Motor Company*, Case No. 22-CI-00088, in the Circuit Court of Garrard County, Kentucky, on May 25, 2022. As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit 1**.

2. In Plaintiff's Complaint, included herewith as **Exhibit 1**, Plaintiff purports to assert strict product liability claims for fatal bodily injury pursuant to Kentucky's Product Liability Act, KRS §411.300, *et seq.*

02663098.DOCX;-1

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 diversity jurisdiction.

4. The undersigned counsel is authorized by Defendant to file this Notice of Removal and is a member of the Bar of this Court.

## PROCEDURAL STATEMENT

5. Ford was served with Plaintiff's Complaint on June 1, 2022. Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as **Exhibit 1**. Defendant has not yet answered the Complaint.

7. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Eastern District of Kentucky is proper because the district and division embrace the Circuit Court of Garrard County, Kentucky, where this action is currently pending. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Garrard County and give written notice of the removal to Plaintiff.

## DIVERSITY OF CITIZENSHIP

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the properly-joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574

U.S. 81, 87 (2014) (under §1446(a), "a defendant seeking to remove a case to federal court must file a notice of removal 'containing a short and plain statement of grounds for removal,'" which is the same as the pleading requirements in Fed. R. Civ. P. 8(a)).

10. Based upon the Complaint and Plaintiff's representations as to her address and residence, she is a citizen of the Commonwealth of Kentucky. *See* **Exhibit 1 and Exhibit 3**, hereto.

11. For diversity purposes, a corporation shall be deemed a citizen of any State by which it has been incorporated, and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Ford is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan, where it is headquartered. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is a citizen of Delaware and Michigan. Attached hereto as **Exhibit 2** is a true and correct copy of the most recent annual report for Ford Motor Company on file with the Kentucky Secretary of State, evidencing Defendant's state of incorporation and principal place of business.

13. Therefore, complete diversity exists between Plaintiff and Ford. 28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

14. Although Plaintiff does not articulate a specific amount of damages in the Complaint, the damages claimed by her plainly exceed $75,000, exclusive of interest and costs.

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016) (where

complaint did not state amount in controversy, the notice of removal satisfied the amount-in-controversy requirement by stating that the amount in controversy exceeded $75,000); *Hume v. Quickway Transp., Inc.*, 2016 WL 3349334, at *3 (June 15, 2016).  No submission of evidence accompanying the removal notice is required.  *Dart Cherokee*, 135 U.S. at 89.

16. Plaintiff seeks compensatory damages for physical pain, mental anguish, medical expenses, funeral and burial expenses, and destruction of the power to earn money. *See* **Exhibit 1**, ¶¶ 16 - 20.  Plaintiff is also seeking to recover punitive damages.[1]   *See* Exhibit 1, ¶ 21.

17. Here, if Plaintiff is successful, an award of medical expenses and other compensatory damages for physical pain, mental anguish, funeral and burial expenses, and the destruction of the power to earn money could easily exceed $75,000. As a result, the amount in controversy exceeds the minimum $75,000 threshold.

## CONCLUSION

18. Because there exists complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

19. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Garrard County, Kentucky.

---

[1] Defendant disputes that Plaintiff would actually be entitled to this amount (or *any* amount) of damages and avers only that this is the amount *in controversy*.

        Respectfully submitted,

        TURNER, KEAL & BUTTON, PLLC


By:  s/R. Thad Keal
     R. Thad Keal
     10624 Meeting St., #101
     Prospect, KY 40059
     Telephone: (502) 426-5110
     Facsimile: (502) 426-5119
     tkeal@turnerkeal.com

*Counsel for Defendant Ford Motor Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Eastern District of Kentucky using the CM/ECF system, and a true and correct copy of the foregoing was sent via electronic mail, to:

    Richard Hay
    Sarah Hay Knight
    HAY AND KNIGHT, PLLC
    PO Box 1124
    Somerset, KY  42502
    Email:  Richard@rhaylaw.com
    Email:  Sarah@rhaylaw.com

    and

    Rodney G. Davis
    Davis & Haymond, P.S.C.
    230 North Second Street
    P.O. Box 1060
    Richmond, KY  40476
    Email:  rgd@davislawky.com

                                  s/R. Thad Keal
                                  R. Thad Keal
                                  *Attorney for Defendant*